UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BUXBAUM,

                Plaintiff,

-against-

CLARKSTOWN POLICE DEPARTMENT,

                Defendant.

25-CV-0525 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action, asserting claims against the Clarkstown Police Department arising from his arrest on August 28, 2022, in Rockland County. The Court dismisses the complaint for the following reasons.

    Plaintiff has previously submitted to this court a substantially similar complaint against the same Defendant asserting claims arising from the same August 28, 2022 arrest. That case is presently pending in this court under docket number 25-CV-0518. As this complaint raises the same claim, no useful purpose would be served by litigating this duplicate lawsuit. Therefore, this complaint is dismissed without prejudice to Plaintiff's pending case under docket number 25-CV-0518.

    The Court notes that Plaintiff has filed dozens of cases since December 9, 2024, some of which have been dismissed as duplicative. *See, e.g.*, *Buxbaum v. Zillow Group, Inc.*, No. 25-CV-0297 (LTS) (S.D.N.Y. Jan. 17, 2025); *Buxbaum v. Zillow Group, Inc.*, No. 25-CV-0225 (LTS) (S.D.N.Y. Jan. 13, 2025); *Buxbaum v. Sommer*, No. 24-CV-10080 (LTS) (S.D.N.Y. Jan. 9, 2025); *Buxbaum v. Intuit*, No. 24-CV-10060 (LTS) (S.D.N.Y. Jan. 7, 2025). The Court cautions Plaintiff that filing repetitive or duplicative actions can result in a prefiling injunction, such as an order barring a litigant from filing new actions *in forma pauperis* without prior permission, or other

sanctions. *See* 28 U.S.C. § 1651; *see also In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing potential sanctions, including "leave of court" requirement).

## CONCLUSION

Plaintiff's complaint is dismissed as duplicative of the action under docket number 25-CV-0518.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: January 21, 2025
       New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge